97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen Randy McCLAIN, Plaintiff-Appellant,
v.
LAKE COUNTY, OHIO; Daniel A. Dunlap, Sheriff; Frank
Leonbruno, Administrator; Burney Puzar, Chaplain,
Defendants-Appellees.
 No. 95-3908.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1996.
 
 Before: RYAN, SILER, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from an order granting summary judgment for all defendants in a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Allen Randy McClain filed a civil rights action seeking monetary and injunctive relief against Lake County, Ohio, and three individuals in connection with McClain's stay at the Lake County Jail from June 1992 through April 1994. The district court ultimately granted summary judgment for all defendants after responsive pleadings had been filed. This appeal followed. The parties have briefed the issues; McClain is proceeding without benefit of counsel.
 
 
 3
 McClain brought suit against one political entity and three individuals: the Lake County Jail, Lake County Sheriff Daniel Dunlap, Jail Administrator Frank Leonbruno and Jail Chaplain Pular. McClain's core claims are found in an affidavit accompanying his complaint. These claims are that McClain was not permitted group Muslim services upon request, that his request to have an Islamic cleric assigned to the Jail was denied and that his special Islamic dietary needs were unfulfilled and compromised by the possible presence of pork. The Jail's liability is premised on its alleged failure to train Jail personnel. The individuals are said to be liable based on a combination of personal knowledge or action and respondeat superior.
 
 
 4
 The defendants' response included an affidavit to show that they made good faith efforts to satisfy McClain's requests for a separate place to pray and for an outside cleric to officiate at Jail Islamic services. The affidavit also reflects that McClain was put on a pork-free diet, but that his request for entirely separate eating utensils was denied. Finally, it is noted that Chaplain Pular is a volunteer cleric who was not operating under any set Jail guidelines.
 
 
 5
 The district court granted summary judgment for all defendants. The court initially found that Pular was not a "state actor" for § 1983 purposes. The court then noted that § 1983 liability may not be premised upon the doctrine of respondeat superior. Finally, the court concluded that the defendants' actions were reasonable under the circumstances and case law.
 
 
 6
 Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). In the case at bar, it is clear that the defendants cannot be found liable for any abridgement of McClain's First Amendment rights.
 
 
 7
 The district court properly granted summary judgment for the voluntary Jail chaplain, Pular, as it appears from the record and law that he was not amenable to suit under § 1983. A panel of the Sixth Circuit held in 1992 that a voluntary prison chaplain may well be exposed to § 1983 liability in certain circumstances notwithstanding his status as a volunteer. In Phelps v. Dunn, 965 F.2d 93 (6th Cir.1992), the panel reversed a finding that a voluntary chaplain could not be liable under § 1983 in denying a prisoner the right to attend certain religious services. In the case at bar, the record establishes that Chaplain Pular was not in a position similar to the chaplain in Phelps. Plaintiff McClain maintains that Pular had knowledge that McClain's rights to practice his religion were being abridged (denial of separate utensils, no outside Muslim cleric) and did nothing to remedy the situation. The uncontroverted affidavit of record, however, establishes that Pular had no authority to take any action against or on behalf of any inmate at the Jail, that he had no power to correct any deficiencies and that he did not in fact take any action against McClain, either acting alone or in concert with Jail officials.
 
 
 8
 The district court's decision to grant summary judgment against McClain on all respondeat superior claims is also supported by the record and law. In order to prevail in this context, it was incumbent upon McClain to show that the defendants were personally involved in the alleged First Amendment violations, see, e.g., Rizzo v. Goode, 423 U.S. 362 (1976), or that the defendants actually encouraged or condoned the violations. See Bellamy v. Bradley, 729 F.2d 416 (6th Cir.), cert. denied, 469 U.S. 845 (1984). McClain's complete failure to submit affidavits or other probative evidentiary material that countered the evidence submitted by the defendants supports the district court's decision to grant summary judgment on this point.
 
 
 9
 Finally, McClain argues that the district court erred in finding that Administrator Leonbruno was shielded by the doctrine of qualified immunity from liability for McClain's lack of a Muslim cleric or services or, in particular, for the failure of Jail personnel to use separate eating utensils for pork-free meals. It does not appear, however, that qualified immunity was the basis for the district court's decision in this context. The court based its decision on the lack of a claim for relief when analyzed under the test set forth in Turner v. Safley, 482 U.S. 78 (1987). McClain has not demonstrated on appeal that the district court's conclusion was erroneous. The appeal lacks merit.
 
 
 10
 Accordingly, the district court's judgment is affirmed for the reasons stated in the order entered August 10, 1995. Rule 9(b)(3), Rules of the Sixth Circuit.